476 P.2d 854

**Edward Bobby SHENAH, Petitioner,**

**v.**

**Laurens L. HENDERSON, Judge of the Superior Court, Maricopa County, Wilson D. Palmer, Clerk of the Superior Court, Maricopa County, Alvis L. and Hazel Lee Logan, real parties in interest, Respondents.**

**No. 10145–PR.**

Supreme Court of Arizona,
In Banc.

Nov. 19, 1970.

**400**

Theodore Matz, Phoenix, for petitioner.

William Carter, Deputy Maricopa County Atty., Phoenix, for respondent Judge.

HAYS, Justice.

Petitioner was convicted of misdemeanor manslaughter under § 13–456, subsec. A, par. 3(b). The charge against petitioner was the result of an automobile accident which resulted in the death of Janice Logan. Prior to sentencing a mitigation hearing was held at which time petitioner, through his attorney, expressed his willingness to pay a reasonable amount to the parents of the deceased girl to help defray the expenses of their loss. The trial judge entered an order placing petitioner on probation subject to petitioner's paying $2500 to the parents of the deceased girl. In its order the court said:

> "The Court FINDS there are such mitigating and other circumstances to warrant the imposition of sentence for a period of one year from this date on the following terms and conditions:
>
> 1. That the defendant personally pay to the parents of the decedent Janice Logan the sum of $2500.00 which shall be in addition to any money paid under the automobile policy; all payments are to be made through the office of the Clerk of the Superior Court."

This order was modified on March 20, 1970 to the extent that payment was to be made no later than May 29, 1970. On May 12, 1970 a hearing on revocation of petitioner's probation was to be held; however, on this date petitioner paid the sum of $2500 to the Clerk of the Superior Court. Subsequently, on May 18, 1970, petitioner obtained a temporary restraining order preventing the distribution of the money to the parents of the deceased girl. Petitioner then filed a petition for Special Action with the Court of Appeals urging that the trial judge acted without jurisdiction and abused his discretion when he conditioned petitioner's probation upon petitioner's paying $2500 in reparations to the parents of the deceased girl. The petition was denied.

Petitioner now comes before this Court with a Petition for Review. It is petitioner's contention that the trial judge abused his discretion and acted in excess of his jurisdiction in setting the amount at $2500 because the trial judge "had no evidence or facts before him as to the amount of injury suffered by the parents of Janice Logan nor did the court have any evidence before it as to the amount of recovery by the parents of Janice Logan under the automobile insurance policy."

In the instant case petitioner was found guilty of vehicular manslaughter under A. R.S. § 13–456, subsec. A, par. 3(b). The

trial judge, however, found that in view of the mitigating circumstances petitioner should be placed on probation pursuant to A.R.S. § 13–1657 which provides in part:

"A. If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, *in its discretion*, place the defendant upon probation in the manner following:

1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, *and upon such terms and conditions as the court determines. * * *"* (Emphasis ours).

There is no dispute that under A.R.S. § 13–1657 a judge may condition probation or suspension of sentence upon the defendant's making reparation. *See* Redewill v. Superior Court, 43 Ariz. 68, 29 P.2d 475 (1934). It is also clear that the suspension of sentence is purely a matter of discretion in the trial court and that it is not necessary for the trial court to spell out its reasons for either granting or denying probation. State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960). In State v. Douglas, supra, we also had occasion to discuss the meaning of "abuse of discretion" under this statute. We said there:

"On several occasions this court has discussed the meaning of 'discretion' in its legal context. The essence of these holdings has been that 'discretion' means a 'sound discretion', and that an abuse of discretion occurs when the decision is characterized by capriciousness or arbitrariness or by a failure to conduct an adequate investigation into the facts necessary for an intelligent exercise thereof. (Cases cited). 87 Ariz. at p. 187, 349 P.2d at p. 625.

In the instant case, therefore, the issue narrows to whether the trial judge acted arbitrarily, capriciously or failed to conduct an adequate investigation into the facts before imposing the condition upon petitioner's probation that he make reparation in the amount of $2500 to the deceased girl's parents.

It is the opinion of this court that the trial judge had sufficient facts before him to warrant imposing the reparation of $2500 as a condition for probation. Prior to setting the conditions for probation the trial judge had before him the pre-sentence report of the probation officer as well as having conducted a mitigation hearing in the matter. It is our opinion that the burden was upon petitioner at this mitigation hearing to bring to the attention of the court any factors which might bear upon the reasonableness of any reparation order and any factors which might bear upon petitioner's ability to make reparation. Petitioner failed to introduce any such factors in the instant case. Furthermore, petitioner did not appeal from the order setting forth the conditions for probation nor did petitioner object to the amount of the ordered reparation until approximately one month prior to the end of his probation.

There is no disputing the fact that the parents of the deceased girl suffered a loss as a result of her death. Petitioner has failed to show or even allege that the amount awarded as reparation was excessive in terms of the loss suffered.

The action of the Court of Appeals in denying the petition for special action is affirmed; the temporary restraining order is dissolved and the Clerk of the Superior Court is authorized to disburse the $2500 as indicated herein.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.