499 P.2d 162

**The STATE of Arizona, Appellee,**

v.

**Fernando Soza MORENO, Appellant.**

**No. 2 CA–CR 285.**

Court of Appeals of Arizona, Division 2.

July 18, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Edward P. Bolding, Pima County Public Defender, Howard A. Kashman, former Pima County Public Defender, by William H. Callaway, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

This is an appeal by Fernando Moreno from a sentence of not less than eight nor more than ten years imposed for conviction of unlawful possession of a narcotic drug (heroin) for sale upon his pleading guilty thereto. The plea was the result of a plea bargain. Two other charges, sale of a narcotic drug and assault with a deadly weapon, were dismissed.

At the time of sentencing on October 15, 1971, there was a mitigation hearing and testimony to the effect that appellant could be accepted into a drug rehabilitation program.

The sole question presented on appeal is whether the sentence was excessive under the circumstances.

Under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966), we have examined the record for error and found none. The trial judge imposed a prison sentence within the statutory limits provided by A.R.S. § 36–1002.01. The judge has the discretion to impose a prison sentence or place a defendant on probation. This discretion is to be the exercise of a sound discretion. An abuse occurs when the decision of the judge is characterized by capriciousness or is arbitrary, or by a failure to adequately investigate all facts and circumstances necessary for an intelligent exercise of sound discretion. Shenah v. Henderson, 106 Ariz. 399, 476 P.2d 854 (1970); State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960); State v. Oliver, 9 Ariz.App. 364, 452 P.2d 529 (1969).

We have examined the transcript of the proceedings on the entry of the plea of guilty and the mitigation hearing. We note that defendant had also pled guilty to a narcotics offense charged in a separate indictment and was sentenced thereon to a like term to be served concurrently with the sentence challenged here. The sentencing judge stated that because of defendant's past history and his having been previously placed on probation, probation would not be warranted again. There is no showing of any abuse of discretion and the judgment must be affirmed.

HATHAWAY and HOWARD, JJ., concur.