501 P.2d 58

**The STATE of Arizona, Appellee,**

**v.**

**Jesse Lee HORTON, Appellant.**

**No. 2 CA–CR 301.**

Court of Appeals of Arizona, Division 2.

Sept. 27, 1972.

**218**

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, and James P. F. Egbert, Certified Third Year Law Student under Rule 28(e), for appellee.

Edward P. Bolding, Pima County Public Defender by John G. Hawkins, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

This is an appeal from a sentence of not less than two nor more than four years imposed for a conviction of assault with a deadly weapon under A.R.S. § 13–249 subsec. A, as amended. Originally, appellant was charged under A.R.S. § 13–249, subsec. B with "assault with a deadly weapon, to wit: a gun." Pursuant to a plea bargain whereby the original charge was amended to strike the words "a gun," appellant plead guilty to a charge of as-

sault with a deadly weapon under A.R.S. § 13–249, subsec. A, as amended. In accordance with the plea bargain, the county attorney dismissed another charge that was pending.

In compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's appointed counsel has filed a brief asking us to consider the following question. Was the sentence imposed on the defendant excessive?

■ A.R.S. § 13–249, subsec. A, as amended, provides that a person convicted under this statute:

"  .  .  .  shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both."

It is well established that the trial court has a wide discretion in the setting of a sentence. If it is within the statutory limits it will not be modified or reduced on appeal unless a clear abuse of discretion is shown. State v. Matthews, 104 Ariz. 421, 454 P.2d 566 (1969); State v. Bible, 104 Ariz. 346, 452 P.2d 700 (1969); State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965); State v. Moreno, 17 Ariz.App. 548, 499 P.2d 162 (1972).

■ Such an abuse occurs only where the judge's decision is characterized as capricious or arbitrary or by a failure to adequately investigate all facts and circumstances necessary for an intelligent exercise of sound discretion. Shenah v. Henderson, 106 Ariz. 399, 476 P.2d 854 (1970); State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960); State v. Moreno, supra.

■ An application of this law to the case before us demonstrates that the trial court has not abused its discretion. We have had the benefit of seeing the probation officer's report and recommendations, which were available to the trial court.

Having reviewed the record for other error and finding none, the judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.