665 P.2d 1022

STATE of Arizona, Appellee,

v.

Charlie K. MERRILL, Appellant.

No. 1 CA-CR 6047.

Court of Appeals of Arizona, Division 1, Department D.

April 19, 1983.

Rehearing Denied May 27, 1983.

Review Denied June 22, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

### OPINION

HAIRE, Presiding Judge.

The sole issue in this appeal involves whether the trial court erred by ordering the defendant to make restitution to an insurance company as a condition of probation. Pursuant to a plea agreement, Merrill pled guilty to attempted burglary, received a suspended sentence, and was placed on probation for three years. As a term and condition of probation, the trial judge ordered Merrill to make restitution to an insurance company. On appeal, Merrill contends that this order is invalid.

A trial judge must require the convicted defendant to make restitution as a condition of probation pursuant to A.R.S. § 13–603(C), which reads as follows:

"C. If the court imposes probation it may also impose a fine as authorized by chapter 8 of this title and shall require the convicted person to make restitution to the victim of the crime in such amount and manner as the court may order, after consideration of the economic loss to the victim and economic circumstances of the convicted person."

Merrill argues that the insurance company is not "the victim of the crime" referred to in the statute and thus the trial court's order is erroneous.

█ The cardinal rule in statutory interpretation is to determine the intent of the legislative body. *E.g., Mardian Construction Co. v. Superior Court,* 113 Ariz. 489, 492, 557 P.2d 526, 529 (1976); *Sandblom v. Corbin,* 125 Ariz. 178, 182, 608 P.2d 317, 321 (App.1980). The Arizona legislature's strong commitment to providing restitution is indicated by the provisions of A.R.S. §§ 13–603(C) and 13–901(A) [1] which require that the trial court order restitution. Furthermore, § 13–901(A) mandates restitution where there is a victim who has suffered economic loss. Clearly the insurance company that reimbursed the owner of the property involved in this attempted burglary has suffered an economic loss. The insurance carrier is therefore "a victim" within the scope of § 13–901(A).

Merrill contends, however, that because A.R.S. § 13–603(C) requires restitution to the "victim of the crime," payment of restitution is limited to the direct victim or, in this case, the owner of property. We find that such a narrow interpretation improperly limits the rehabilitative and punitive purposes of requiring the payment of restitution. Under § 13–603(C), the trial court must consider "the economic loss to the victim" in determining the amount of restitution. Using Merrill's interpretation, a trial judge could find that the immediate victim of the crime, fully reimbursed by an insurance carrier, has not suffered any economic loss, thus precluding any order of restitution. We do not believe that the legislature intended such a result.

█ Statutes relating to the same subject should be read together and harmonized where possible. *E.g., State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970); *Arizona State Highway Commission v. Nelson,* 105 Ariz. 76, 83, 459 P.2d 509, 516 (1969). With this principle in mind, we find that the mandate of restitution, pursuant to A.R.S. §§ 13–603(C) and 13–901(A), is best fulfilled if "victim" includes the entity suffering the economic loss resulting from appellant's criminal activity.

We also find that the trial court's ordering payment of restitution to the insurance company is consistent with the rehabilitation purposes of probation. *See* Rule 27.1, Rules of Criminal Procedure, 17 A.R.S. Unless the terms are not reasonably related to the purposes of probation, we will not interfere with the trial court's exercise of

---

1. A.R.S. § 13–901(A) reads in pertinent part as follows:

   "If probation is granted the court ... shall order restitution pursuant to § 13–603, subsection C where there is a victim who has suffered economic loss."

discretion in granting probation. *State v. Smith,* 129 Ariz. 28, 30, 628 P.2d 65, 67 (App.1981). In the case at bar, the trial court's order of restitution was tailored to the amount of the claim, filed because of Merrill's attempted burglary and paid by the insurance company. The order thus forces Merrill to recognize the specific consequences of his criminal activity and accept responsibility for these consequences. *See State v. Smith, supra.*

Our broad construction of the term "victim" is consistent with the Arizona Supreme Court's decision in *Shenah v. Henderson,* 106 Ariz. 399, 476 P.2d 854 (1970), upholding payment to a third party. At the time of the court's decision in *Shenah,* there were no Arizona statutes authorizing restitution as a condition of probation. In *Shenah,* the defendant was convicted of misdemeanor manslaughter, and the trial judge imposed as a condition of probation the payment of $2500 to the parents of the deceased victim. Concluding that the parents clearly had suffered a loss, the court found that the order requiring restitution to the parents as a condition of probation was properly within the trial court's discretion. As we have previously noted, the legislature has now required that restitution be ordered as a condition of probation pursuant to A.R.S. §§ 13–603(C) and 13–901(A). We find nothing in the statutes indicating a legislative intention to restrict the previously recognized right of a trial judge to require restitution as a condition of probation. Rather, from a reading of those statutes it is clearly apparent that the reason for their enactment was to increase the number of situations in which restitution would be ordered. It is no longer discretionary—in granting probation the trial judge is now *required* to order restitution where there is a victim who has suffered economic loss.

We also find support for our interpretation in cases interpreting the federal probation act, which authorizes as a condition of probation an order of restitution "to aggrieved parties." *See* 18 U.S.C. § 3651 (1976). In *United States v. Follette,* 32 F.Supp. 953 (E.D.Pa.1940), the district court held that a surety, which paid to the government the amount embezzled by the defendant, was an "aggrieved party" within the meaning of the probation act. Thus, the district court properly could order the defendant to make restitution to the surety for its financial loss as a condition of probation. *Cf. United States v. Orr,* 691 F.2d 431 (9th Cir.1982) (trial court could order restitution to party not named in misdemeanor count of embezzlement for which probation was ordered but named in second count for which defendant was incarcerated).

Merrill's primary reliance upon *Montgomery v. State,* 292 Md. 155, 438 A.2d 490 (1981) is misplaced. Initially, the Maryland court determined that under Maryland's restitution statutes it was unclear whether the insurer of the owner of property was "a victim of the crime." In order to resolve the ambiguity, the court discussed the legislative history and various provisions of the restitution statutes, and found an intention to give restitution exclusively to the owner of property taken or destroyed. The expression of legislative intent thus found in the Maryland statutory scheme clearly contrasts with Arizona's previous history in dealing with restitution as demonstrated by our court's approval of restitution to the third party parents in *Shenah.* In any event, we note that the Maryland legislature immediately responded to the *Montgomery* decision by amending its restitution statutes so as to remove any supposed ambiguity. The Maryland statutes now expressly authorize the payment of restitution to an insurer that has made payment to compensate the direct victim for a property loss. *See* Md.Ann.Code art. 27, § 640 (1982 Repl. & Supp.).

Merrill also relies upon *State v. Stalheim,* 275 Or. 683, 552 P.2d 829 (1976), which restricted payment of restitution to the direct victim of a crime. The Oregon statute considered in *Stalheim* authorized, but did not require, "restitution to the aggrieved party" as a condition of probation. We note that the Oregon legislature subsequently amended the pertinent statutes to define victim as "any person whom the

court determines has suffered pecuniary damages as a result of the defendant's criminal activities." *See State v. Lewis,* 49 Or.App. 447, 619 P.2d 684 (1980). We believe our legislature implicitly has adopted a similarly expansive definition by requiring, as a condition of probation, restitution to those suffering economic loss.

Finally, Merrill relies on several cases in which the trial court attempted to require restitution in situations without either an admission or adjudication of guilt[2] or attempted to extend restitution beyond payment relating to the specific crimes for which the defendant was charged or convicted.[3] These cases are factually distinguishable. Merrill pled guilty to attempted burglary. The trial court's order of restitution to the insurance company directly corresponded to the claim paid by the company to its insured, the immediate victim of Merrill's offense.

The grant of probation as ordered by the trial court is affirmed.

EUBANK and MEYERSON, JJ., concur.

2. *See People v. Richards,* 17 Cal.3d 614, 552 P.2d 97, 131 Cal.Rptr. 537 (1976).

3. *See United States v. Clovis Retail Liquor Dealers Trade Association,* 540 F.2d 1389 (10th Cir.1976); *Karrell v. United States,* 181 F.2d 981 (9th Cir.), *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950); *People v. Grago,* 24 Misc.2d 739, 204 N.Y.S.2d 774 (1960); *State v. Eilts,* 23 Wash.App. 39, 596 P.2d 1050 (1979).