801 P.2d 482

**STATE of Arizona, Appellee,**

v.

**John FRENCH, Appellant.**

**No. 1 CA–CR 89–373.**

Court of Appeals of Arizona, Division 1, Department C.

May 1, 1990.

Review Denied Dec. 18, 1990.*

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Steven B. Wiggs, Asst. Atty. Gen., Phoenix, for appellee.

Navajo County Public Defender's Office by David J. Martin, Deputy Public Defender, Holbrook, for appellant.

## OPINION

McGREGOR, Judge.

Pursuant to a plea agreement, the trial court convicted appellant/defendant John French (defendant) of one count of aggra-

* Cameron, J., of the Supreme Court, voted to grant review.

vated assault and one count of sexual abuse. The trial court ordered defendant to pay restitution to the assault and abuse victim and to the owner of the motel in which the crimes took place. The issue on appeal is whether the trial court erred in ordering defendant to pay restitution to the motel owner.[1]

## I.

Defendant pled guilty to the crimes of aggravated assault and sexual abuse of D.B. Although the plea agreement required defendant to pay restitution, it specified neither the amount of restitution nor to whom defendant owed payment. The trial court did not address the restitution issue at the change-of-plea hearing. At the sentencing hearing, however, the trial court indicated it would award restitution to D.B. and to the owner of the motel.

Defendant objected to any award of restitution on the grounds that the plea agreement did not specify the amount of restitution and that the amount of restitution was a material factor in his decision to enter into the plea. Because a sentencing statute required restitution,[2] the trial court set a hearing to consider defendant's claim that the plea agreement did not contemplate an award of restitution.

At the restitution hearing, the motel owner testified that, in the course of the assault and the sexual abuse, defendant broke a toilet seat, threw food around the motel room, and caused such injury to D.B. that she lost sufficient blood to soil the bedding, carpeting, and walls. The motel owner claimed restitution for cleaning expenses, the cost of replacing the bedding, and lost rental income. The trial court awarded restitution to the motel owner in the amount of $509.00.

Defendant appeals from the order of restitution,[3] arguing that the motel owner was not "the victim of the crime" of which he

was convicted. *See* A.R.S. § 13–603.C. We have jurisdiction pursuant to A.R.S. §§ 12–120.21.A.1, 13–4031, and 13–4033.

## II.

Resolution of the issue presented turns upon the meaning of the term "victim" in A.R.S. § 13–603.C, which provides:

> If a person is *convicted of an offense,* the court shall require the convicted person to make restitution *to the person who is the victim of the crime* or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court pursuant to chapter 8 of this title. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim.

A.R.S. § 13–603.C (emphasis added).

The fundamental rule of statutory construction is to determine legislative intent. *In the Matter of Pima County Juvenile Appeal No. 74802–2,* 164 Ariz. 25, 33, 790 P.2d 723, 731 (Ariz.Sup.Ct.1990); *State v. Merrill,* 136 Ariz. 300, 665 P.2d 1022 (App. 1983). Generally, we give phrases contained in statutes their ordinary meaning unless it appears from their context that another meaning is intended. *Matter of Appeal in Maricopa County,* 145 Ariz. 405, 408, 701 P.2d 1213, 1216 (App.1985). Application of those principles to this action leads us to conclude that the trial court exceeded its authority in awarding restitution to the motel owner.

■ We consistently have held that a defendant may be ordered to pay restitution *"only for* an offense that he has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution." *E.g., State v. Whitney,* 151 Ariz. 113, 114, 726 P.2d 210, 211 (App.1985) (emphasis added); *State v. Pleasant,* 145 Ariz. 307, 701 P.2d 15 (App.1985). In *Whit-*

---

1. Defendant does not claim that the trial court erred in awarding restitution to D.B., the direct victim of the assault and sexual abuse. We agree that the award to D.B. was proper and affirm the order of restitution as to D.B.

2. *See* A.R.S. § 13–603.C.

3. The order of restitution is a separately appealable order. *See* A.R.S. § 13–4033; *State v. Wynn,* 114 Ariz. 561, 562 P.2d 734 (App.1977).

*ney,* the defendant, while driving a stolen automobile, negligently caused an automobile accident in which a third party suffered property damage. The defendant pled guilty to theft of the automobile, and the trial court ordered him to pay restitution to the third party as a term of his sentence. We held that the order of restitution exceeded the court's authority under A.R.S. § 13–604.C, because the third party was not a victim of the crime of theft. *Whitney,* 151 Ariz. at 114, 726 P.2d at 211; *see also State v. Maupin,* 166 Ariz. 250, 801 P.2d 485, (Ct.App.1990) (no restitution under A.R.S. § 13–604.C to the state for prosecution expenses).

Payment to the motel owner falls outside these established restitution criteria. The only victim of the crimes of which defendant was convicted, those of aggravated assault and sexual abuse, is D.B.; defendant did not agree to pay restitution to the motel owner.

The state contends, however, that because the motel owner suffered "the economic loss resulting from [defendant's] criminal activity," she falls within a more expansive definition of victim recognized in *State v. Merrill,* 136 Ariz. 300, 301, 665 P.2d 1022, 1023 (App.1983). We find *Merrill* factually distinguishable.

The defendant in *Merrill* pled guilty to attempted burglary. The trial court ordered, as a condition of probation, that the defendant pay restitution to the insurance company that had reimbursed the direct victim of the attempted burglary for losses incurred as a result of the attempted burglary. Because the order of restitution directly corresponded to the claim that the insurance company paid to the immediate victim of defendant's crime, we found the order of restitution to the insurance company consistent with the rehabilitative and punitive purposes of restitution. *Id.* at 301–02, 665 P.2d at 1023–24. We expressly

distinguished our holding in *Merrill* from situations which "attempted to extend restitution beyond payment relating to *the specific crimes* for which the defendant was charged or convicted." *Id.* at 303, 665 P.2d at 1025 (emphasis added). This action involves just such an attempt and would extend restitution beyond payment related to the specific crimes for which defendant was convicted.[4]

We therefore conclude that the legislature intended the phrase "victim of the crime" to refer to the victim of the criminal conduct for which the defendant was convicted. This interpretation is reasonable and gives effect to the ordinary meaning of the phrase. If the legislature had intended to require a defendant to pay restitution to any person incurring loss as the result, direct or indirect, of a defendant's behavior, rather than to "victims of *the* crime," the legislature would have so stated. *See In the Matter of Pima County Juvenile Appeal No. 74802–2,* 164 Ariz. 25, 33, 790 P.2d 723, 731 (Ariz.Sup.Ct.1990). Because the motel owner is not a victim of assault or sexual abuse, we hold that the trial court's award of restitution to her was improper.

### III.

Defendant did not timely appeal from his judgment and sentence. Because we therefore lack jurisdiction to review the judgment and sentence, we have not reviewed the entire proceedings for fundamental error pursuant to A.R.S. § 13–4035. *See* Rule 31.3, Arizona Rules of Criminal Procedure; *State v. Berry,* 133 Ariz. 264, 650 P.2d 1246 (App.1982).

For the foregoing reasons, we affirm the order of restitution as to D.B. and, pursuant to A.R.S. § 13–4036, modify the order

---

**4.** The state presumably could have charged defendant for criminal damage to the motel room, but did not. *See* A.R.S. § 13–1602. We cannot assume guilt of crimes of which defendant was not convicted. Likewise, while the motel owner may possess a civil cause of action against defendant for damages to her property, defen-

dant's conviction for the aggravated assault and sexual abuse of D.B. cannot provide the basis for imposing an award of civil damages in favor of the motel owner. *See State v. Pearce,* 156 Ariz. 287, 751 P.2d 603 (App.1988); *State v. Whitney,* 151 Ariz. 113, 726 P.2d 210 (App.1985).

of restitution by striking the award to the motel owner.

CONTRERAS, P.J., concurs.

GERBER, Judge, dissenting.

I would concur with the majority were it not for the *Merrill* case. In *Merrill*, a unanimous panel of this same court stated that the mandate of A.R.S. § 13–603.C is "best fulfilled" if the term "victim" includes any "entity suffering the *economic* loss resulting from the [defendant's] criminal activity." *Merrill* concludes that the legislature adopted an "expansive" definition of "victim" by requiring restitution "to those suffering economic loss."

Under *Merrill's* interpretation of A.R.S. § 13–603.C, I conclude that we are bound by this "expansive" language to view the aggrieved motel owner as a "victim" deserving restitution. This legal precedent matches the common sense meaning of "victim" as anyone suffering injury or damage from crime. For these reasons, I dissent from the narrower holding of the majority.