836 P.2d 1008

**STATE of Arizona, Appellee,**

v.

**Pedro Gonzales PRIETO, Appellant.**

**No. 1 CA–CR 90–1629.**

Court of Appeals of Arizona,
Division 1, Department C.

March 24, 1992.

Review Denied Oct. 6, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephanie L. Swanson, Deputy Public Defender, Phoenix, for appellant.

OPINION

KLEINSCHMIDT, Acting Presiding Judge.

The defendant pled guilty to attempted child molesting and was sentenced to a term of imprisonment. He was also ordered to pay restitution to the Arizona Department of Economic Security in the amount of $2,581.68 for money that it paid for psychological evaluation, counseling, and a parent aide for the victim and her mother. The defendant argues, for the first time on appeal, that the restitution order was improper because the department is not the "victim of the crime" within the meaning of the restitution statute, Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–603(C). We will address the issue notwithstanding the failure of the defendant to raise it below, because it turns on undisputed facts and affects the interests of the state at large. *See Rubens v. Costello,* 75 Ariz. 5, 251 P.2d 306 (1952).

We hold that the department of economic security is entitled to restitution. Our statute provides that a court must require a person convicted of a crime to make restitution to the victim of the crime, or to the victim's immediate family [1] if the victim has died, in the full amount of economic loss determined by the court. A.R.S. § 13–603(C). Had the victim spent her own money for evaluation, counseling and a parent aide, she would unquestionably be entitled to restitution. *See State v. Brady*, 169 Ariz. 447, 819 P.2d 1033 (App.1991) (victim of sexual assault may recover moving expense necessary to restore peace of mind); and *State v. Wideman*, 165 Ariz. 364, 798 P.2d 1373 (App.1990) (allowing recovery for mental health counseling). The question for decision arises because the department of economic security is a secondary victim of the crime and, as such, the defendant argues, is not entitled to restitution.

Our decision in *State v. Merrill*, 136 Ariz. 300, 665 P.2d 1022 (App.1983), resolves the issue. There we held that an insurance company which had reimbursed the victim for property lost in a burglary was entitled to restitution. Such an order, we held, forces a defendant to recognize the specific consequences of his criminal activity and take responsibility for it. *Id.* at 302, 665 P.2d at 1024. We think it safe to presume that the department of economic security, in paying money on behalf of the victim and her family, was not a mere volunteer. *See generally* A.R.S. § 41–1954(A)(1)(b) and (j). Instead, much like an insurance company, in assisting the victim, the department was presumably honoring an entitlement that belonged to her. Thus, the department in this case is in the same posture as was the insurance company in *Merrill*.

The defendant relies on *State v. French*, 166 Ariz. 247, 801 P.2d 482 (App.1990), to support his argument. In that case, we held that the owner of a motel was not the victim of the crime merely because he suffered economic loss for cleaning expenses, replacement of bedding, and lost rental income as the result of damage that the defendant did in committing an aggravated assault in one of the motel rooms. We said that the legislature did not intend the phrase "the victim of the crime" in A.R.S. § 13–603(C) to include everyone who suffered economic loss as a result, either directly or indirectly, of the defendant's crime. Here, as we did in *Merrill*, we compensate an entity which stands in the shoes of the victim because it is legally required to suffer the victim's own precise loss. In *French*, the motel owner suffered a separate loss and did not step into the victim's shoes. The owner of the motel in *French* was beyond that line. His claims did not result from money paid to or on behalf of an immediate victim as an entitlement.

This court has, pursuant to A.R.S. § 13–4035, fully reviewed the record for fundamental error. After reviewing the record we find that no reversible error was committed in these proceedings.

The order awarding restitution to the department of economic security is affirmed.

EUBANK, J., and ALLEN G. MINKER, Superior Court Judge, concur.

NOTE: Judge Allen G. Minker, Judge of the Superior Court of Greenlee County, was authorized to participate in this matter by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

---

1. Some unquantified amount of the money spent by the department apparently was for psychological evaluation of the victim's mother. Arguably, such amounts are not restitution authorized in the statute unless the victim dies. Assuming, on the other hand, that such expenditures were all directly for the victim, such as testing and counseling to enable the mother to take care of the victim, a counterargument can be made that such expenditures for the family are recoverable under the statute. Because there is no breakdown of expenditures in the record, no detailed explanation of them, and because the defendant has not raised this subissue and it is not briefed, we assume without deciding that payments made for evaluation of the mother are properly the subject of restitution.