983 P.2d 768

**In re: ERIKA V.**

**No. 1 CA–JV 98–0254.**

Court of Appeals of Arizona, Division 1, Department D.

June 17, 1999.

Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellee State.

Robert D. Rosanelli, Phoenix, Attorney for Appellant Juvenile.

## OPINION

GERBER, Judge.

¶ 1 Erika V. was found delinquent of aggravated assault. She fought with another juvenile, Kellie R., and, as a result, Kellie suffered a fractured nose, facial and neck bruising, and whiplash.[1] Prior to the disposition hearing, Kellie and her father, Tim R., submitted to the court a Verified Victim Statement of Financial Loss detailing Kellie's medical expenses and her parents' lost income incurred while accompanying Kellie to medical appointments and juvenile court appearances. The court placed Erika on probation and ordered her to pay restitution in the amount of $1,213.12, the amount requested. In her timely appeal from the disposition order, she argues that the trial court abused its discretion by ordering her to pay restitution for the lost income of Kellie's parents.

## DISCUSSION

¶ 2 We will not disturb the juvenile court's disposition of a juvenile delinquent absent an abuse of discretion. *See Maricopa County Juvenile Action No. JV-128676*, 177 Ariz. 352, 353, 868 P.2d 365, 366 (App.1994). In exercising its discretion, however, the juvenile court may not misapply the law or a legal principle. *See id.* Erika argues that the trial court misapplied the law of restitution.

¶ 3 Pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 8–341(G)(1) (Supp.1998), the juvenile court is authorized to make orders of restitution. However, such restitution is for "the victim of the offense" for which the juvenile was adjudicated delinquent. A.R.S. § 8–341(G)(1). Erika argues that the trial court's restitution order was improper because the statute does not specifically authorize the juvenile court to order restitution to the family of the victim. She contrasts the juvenile restitution statute with the restitution statute applicable in adult criminal prosecutions. Under A.R.S. section 13–603(C) (Supp.1998), restitution

shall be paid to the person who is the victim of the crime, or, if the victim has died, to the immediate family of the victim. Erika contends that, because the criminal statute authorizes restitution to the family of the victim in certain situations, while the juvenile statute does not mention the victim's family at all, the court here could not order restitution for the lost wages of Kellie's parents.

¶ 4 Because the juvenile and adult restitution statutes are similar aside from the provision in the adult statute regarding restitution upon the death of the victim, we look to the restitution statutes and caselaw employed in adult criminal prosecutions for guidance in determining the propriety of the juvenile court's order here. *See Maricopa County Juvenile Action No. JV-128676*, 177 Ariz. at 353, 868 P.2d at 366.

¶ 5 The courts have sometimes extended payment of restitution to persons or entities other than the victims of the charged crime, even when the victim has not died. *See, e.g., State v. Prieto*, 172 Ariz. 298, 299, 836 P.2d 1008, 1009 (App.1992) (court affirmed trial court order of restitution to Arizona Department of Economic Security, which paid for psychological evaluation and counseling of victim and her mother); *State v. Merrill*, 136 Ariz. 300, 301, 665 P.2d 1022, 1023 (App.1983) (restitution permitted to victim's insurance carrier which had reimbursed the victim for losses due to theft). This court has noted that "the legislative requirement of full restitution and the policies underlying mandatory restitution are 'best fulfilled if "victim" includes the entity suffering the economic loss resulting from the appellant's criminal activity.'" *State v. Blanton*, 173 Ariz. 517, 519, 844 P.2d 1167, 1169 (App.1992) (citing *Merrill*, 136 Ariz. at 301, 665 P.2d at 1023).

¶ 5.0.0.1 However, we have refused to allow restitution to third parties who have suffered losses as result of the defendant's conduct where such losses were separate and unrelated to the victims' losses. *See State v. French*, 166 Ariz. 247, 249, 801 P.2d 482, 484 (App.1990) (motel owner could not obtain restitution from defendant convicted of sexual assault for damages to motel room incurred during the sexual assault); *State v. Whitney*, 151 Ariz. 113, 114, 726 P.2d 210, 211 (App.1985) (third party who suffered damages in collision with stolen car could not

---

1. At the time of the assault, Erika was thirteen years old. The record does not reveal the age of

Kellie, the victim; however, she was in seventh grade at the time of the assault.

recover restitution from defendant who pled guilty to car theft). The courts have distinguished between the situation where the third party "stands in the shoes of the victim because it is legally required to suffer the victim's own precise loss" and where the third party suffers a separate loss and did not step into the victim's shoes. *State v. Prieto,* 172 Ariz. at 299, 836 P.2d at 1009.

¶ 6 This court's decision in *Prieto* helps resolve the issue here. There the defendant who pled guilty to attempted child molesting was sentenced to a term of imprisonment and ordered to pay restitution of $2,518.68 to the Arizona Department of Economic Security for money it paid for psychological evaluation, counseling, and a parent aide for the victim and her mother. Like Erika, the defendant argued on appeal that the restitution order was improper because the department was not a victim of the crime within the meaning of the restitution statute. This court disagreed, holding that although the legislature did not intend the phrase "victim of the crime" in A.R.S. section 13–603(C) to include everyone suffering economic loss as a result of crime, the department nonetheless was entitled to restitution. The court noted that the victim would have been entitled to restitution had she spent her own money for evaluation, counseling, and a parent aide, and recognized that the department was not a mere volunteer but, "in assisting the victim, ... was presumably honoring an entitlement that belonged to her." 172 Ariz. at 299, 836 P.2d at 1009. The court then concluded that the department was in the same posture as an insurance company that had reimbursed a victim for property lost in a burglary and so, in this respect, stood in the victim's shoes.

¶ 7 Kellie would have been entitled to restitution had she lost her own wages due to medical visits occasioned by the assault or while attending court hearings on the case. *See State v. Lindsley,* 191 Ariz. 195, 198, 953 P.2d 1248, 1251 (App.1997); A.R.S. § 8–341(G)(1) (damages subject to restitution include lost wages). In assisting Kellie by taking her to her medical appointments and to court, her parents, like the department in *Prieto,* were not mere volunteers but were honoring an entitlement that belonged to Kellie. Indeed, Kellie's parents are legally required to provide her with necessary medical treatment, which includes the parental responsibility of taking her to appointments to treat her injuries from the assault. *See Cochise County Juvenile Action No. 5666–J,* 133 Ariz. 157, 161, 650 P.2d 459, 463 (1982). Additionally, Kellie had the right to be present at the juvenile court hearings, and, because she is a minor, her parents could also exercise her rights and attend those hearings with her. *See* Ariz. Const. art. 2, § 2.1 ("Victim's Bill of Rights"); A.R.S. § 13–4403(C) (Supp.1998) ("If the victim is a minor the victim's parent ... may exercise all of the victim's rights on behalf of the victim.").

¶ 8 Erika does not dispute that Kellie's parents' lost wages were directly attributable to the crime for which she was convicted. In addition, at the disposition hearing, Erika's counsel indicated that he was satisfied with the expense documentation provided by Kellie's parents but added that he believed the court did not have the authority to award restitution for those lost wages. However, Kellie's parents, like the department in *Prieto,* stand in the shoes of the victim and are therefore entitled to restitution for their lost wages incurred while taking Kellie to medical appointments and juvenile court hearings occasioned by Erika's assault.

¶ 9 The juvenile court's restitution order is therefore affirmed.

CONCURRING: SARAH D. GRANT, Judge, and MICHAEL D. RYAN, Judge.