NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE BRANDON M.

No. 1 CA-JV 18-0206
FILED 2-12-2019

Appeal from the Superior Court in Yavapai County
No. P1300JV201400254
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Yavapai County Attorney's Office, Prescott
By Danalyn Savage
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G,** Judge:

¶1        Juvenile Brandon M. appeals from an order imposing restitution.  Brandon's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm the restitution order.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In July 2015, Brandon pled delinquent to an amended charge of Criminal Damage – Accomplice, a class 6 felony.  Brandon and two co-defendants admitted causing extensive damage to several pieces of construction equipment at a local job site, including an excavator and two backhoes.  Brandon's father was advised of the requirements to pay all assessed fees and signed a document entitled "court-ordered parental responsibilities."  At his disposition hearing, Brandon was placed on one year of standard probation with restitution owed to the company that owned the equipment in an amount "to be determined."  Father was also found responsible for payment of restitution in an amount "to be determined."

¶3        That November, the court held a restitution hearing.  Brandon and Father appeared telephonically.  Prior to testimony, the parties stipulated to restitution for unpaid insurance balances incurred for equipment repairs and other uncontested costs.  The co-owners of the company were present and testified to loss of income.  They explained how the company rented out large equipment for major construction projects.  As a result of the damage, the company was forced to pull the equipment from an active job site.  Brandon declined to offer any evidence or witnesses.  After considering the extensive damage, the court ordered restitution for the company totaling $90,650.86, which it later modified to $84,865.30.  The court then allocated the amount evenly among Brandon and his co-

defendants, finding it "reasonable to hold each of the three juveniles and their custodial parents responsible for one-third" of the restitution amount. In the end, Brandon was ordered to pay partial restitution in the amount of $28,288.43 for which Father was "jointly and severally responsible."

¶4 Brandon timely appealed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 9, and A.R.S. §§ 8-235(A), 12-120.21(A)(1).

## DISCUSSION

¶5 The court will order restitution in the amount necessary to make a victim whole. *See In re William L.*, 211 Ariz. 236, 239, ¶ 12 (App. 2005). This includes the full amount of economic loss, meaning "any loss incurred by a person as a result of the commission of an offense." A.R.S. §§ 13-105(16), -603(C).

¶6 We review a restitution order for an abuse of discretion. *In re Erika V.*, 194 Ariz. 399, 400, ¶ 2 (App. 2005). We will affirm the order if it bears a reasonable relationship to the victim's loss, *In re Ryan A.*, 202 Ariz. 19, 24, ¶ 20 (App. 2002), and is supported by a preponderance of the evidence, *In re Stephanie B.*, 204 Ariz. 466, 470, ¶ 15 (App. 2003).

¶7 Brandon was adjudicated delinquent, and the record includes sufficient evidence to support an order of restitution in the amount of $84,865.30. The company derived income from leasing construction equipment and thus lost substantial lease income from the date of offense until the equipment was repaired. The company also needed to replace the construction equipment at the job site and incurred equipment repair costs. Brandon and the co-defendants admitted causing the damage resulting in these losses, which supports the decision to allocate responsibility evenly among each defendant.

¶8 Brandon was present and represented by counsel at all stages of the proceedings against him. The record reflects that the court afforded Brandon all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at the restitution hearing and summarized above was sufficient to support the court's restitution order.

**CONCLUSION**

¶9        We have read and considered counsel's brief and searched the record for fundamental error.  We find none and therefore affirm the restitution order.

¶10        Defense counsel's obligations pertaining to Brandon's representation in this appeal have ended.  Counsel need only inform Brandon of the outcome of this appeal and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

