IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS MORENO LEAL, *Appellant.*

No. 1 CA-CR 18-0844
FILED 11-21-2019

Appeal from the Superior Court in Yuma County
No.  S1400CR201701293
The Honorable Brandon S. Kinsey, Judge

**AFFIRMED**

COUNSEL

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

**T H U M M A**, Judge:

¶1        Defendant Carlos Leal appeals a restitution order requiring him to pay $5,500 in funeral expenses for a man he shot and killed in a bar. Leal does not challenge his murder conviction or resulting prison sentence. He does not argue the funeral expenses were unreasonable or unpaid. Instead, because the restitution award went to the Quechan Indian Tribe, rather than to a member of the victim's family, Leal argues the order was fundamental error. Because Leal has shown no error, the restitution order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In December 2017, while sitting at a bar, Leal shot the victim in the face at point-blank range, killing him. After Leal walked out of the bar, he was arrested, and a jury later convicted him of first-degree murder. The court sentenced him to natural life in prison.

¶3        The presentence report requested $5,500 in restitution for funeral expenses. The report stated the Tribe paid the funeral expenses and attached a general ledger showing payment of that amount by the Tribe to Yuma Mortuary & Crematory. At sentencing, without objection or argument, the court ordered Leal to pay $5,500 in restitution to the Tribe. This appeal followed.

## DISCUSSION

¶4        Leal challenges the restitution order, asserting the Tribe is not a victim and that the funeral expenses were indistinguishable from the routine expenses of the Tribe. Because Leal did not object in the superior court, this court reviews for fundamental error resulting in prejudice. *See State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). Issues of statutory interpretation are reviewed de novo. *State v. Lantz*, 245 Ariz. 451, 453 ¶ 9 (App. 2018).

### I.        The Tribe Properly Could Be Awarded Restitution for Funeral Expenses.

¶5        Leal argues the Tribe must be a victim to collect restitution, relying exclusively on A.R.S. §§ 13-603(C) and 13-4401(19) (2019).[1] As to A.R.S. § 13-4401(19), Leal shows with some force that the Tribe may not have qualified as a "victim" for purposes of notice, the right to be heard and other provisions under Chapter 40 (Crime Victims' Rights) of A.R.S. Title

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

13. *See* A.R.S. §§ 13-4401 to -4443. That fact, however, does not mean the restitution order was improper.

¶6          The general statute authorizing disposition components for criminal convictions states:

> the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court or the court's designee pursuant to chapter 8 of this title.

A.R.S. § 13-603(C). Leal argues this provision, using the Chapter 40 definition of "victim," means the Tribe cannot seek or receive restitution. A.R.S. § 13-4401(19) ("'Victim' means a person against whom the criminal offense has been committed . . . or if the person is killed or incapacitated, the person's spouse, parent, child, grandparent or sibling, . . . or any other lawful representative of the person . . . ."); *see generally* Ariz. Const. art. II, § 2.1(C) (defining "victim" for the Victims' Bill of Rights). Leal's argument fails.

¶7          Criminal restitution orders were issued in Arizona years before being expressly authorized by statute. *See State v. Beulna*, 25 Ariz. App. 414, 417 (1975) ("The practice of requiring restitution to crime victims is not new."). Arizona added statutory restitution in 1977. Laws 1977 ch. 142 § 48. There can be no credible argument that the Victims' Bill of Rights, enacted in 1990 to constitutionalize victims' rights, somehow limited the authority to order restitution. *See* Ariz. Const. art. II, § 2.1(A)(8) (passed by voters in 1990); *State v. Guilliams*, 208 Ariz. 48, 52 ¶¶ 14-15 (App. 2004) (Even a "'victimless crime' may still support an award of restitution so long as the criminal act directly results in economic damages to the person or entity receiving the award."); *see also State v. Patel*, ___ Ariz. ___, ___ ¶ 12 2019 WL 5382503, at *3 (Ariz. App. Oct. 22, 2019) (discussing history of the Victims' Bill of Rights and "find[ing] it implausible that the electorate intended to only guarantee a victim partial restitution").

¶8      Leal focuses on A.R.S. § 13-603(C). As recognized by the Arizona Supreme Court decades ago, however, criminal restitution also is authorized by Chapter 8 of A.R.S. Title 13. *See State v. King*, 157 Ariz. 508, 509–10 (1988) (noting restitution may be ordered under either A.R.S. § 13-603(C) or § 13-804); *Patel*, ___ Ariz. at ___ ¶ 4, 2019 WL 5382503, at *1 (same); *State v. Ferguson*, 165 Ariz. 275, 276–77 (App. 1990) (same). The availability of restitution under Chapter 8 is discretionary but broad:

> On a defendant's conviction for an offense causing economic loss to any person, the court, in its sole discretion, may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant to any person who suffered an economic loss caused by the defendant's conduct.

A.R.S. § 13-804(A); *cf.* A.R.S. § 13-603(C) ("the court shall" order "restitution to the person who is the victim").

¶9      Cases decided before and after *King* have not always clearly recognized these two different statutory bases for restitution. *See State v. Merrill*, 136 Ariz. 300, 301 (App. 1983) (broadly construing "victim" in A.R.S. § 13-603(C) to include insurer of burglary victim); *see also State v. Morris*, 173 Ariz. 14, 16 (App. 1992) (following *Merrill* and affirming, under A.R.S. § 13-603(C), restitution to victim's insurer); *State v. Blanton*, 173 Ariz. 517, 519-20 (App. 1992) (noting defendant's concession that he "may have been liable to make restitution to [decedent's] heirs pursuant to A.R.S. §§ 13-603(C) and 13-804;" following *Merrill* and affirming, under A.R.S. § 13-603(C), restitution to insurer for victim's funeral expenses); *State v. Prieto*, 172 Ariz. 298, 299 (App. 1992) (following *Merrill* and affirming, under A.R.S. § 13-603(C), restitution to state agency for services provided to victim of child molestation and her mother); *State v. French*, 166 Ariz. 247, 249 (App. 1990) (distinguishing *Merrill* and, without citing A.R.S. § 13-804, finding motel was not victim eligible for restitution under A.R.S. § 13-603(C) for damage caused by defendant); *State v. Whitney*, 151 Ariz. 113, 113–1 (App. 1985) (without citing A.R.S. § 13-804, finding owner of car involved in a traffic accident with defendant, who was convicted of stealing another car involved in the accident, was not a victim eligible for restitution under A.R.S. § 13-603(C)).

**¶10**          *King*, however, remains valid and binding on this court. *See City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378 (App. 1993) (noting this court has "no authority to overrule, modify, or disregard" supreme court decisions). Moreover, legislation after *Merrill* confirms *King*'s directive that restitution may be ordered under either A.R.S. § 13-603(C) or § 13-804. In 1996, the Legislature codified *Merrill* by amending A.R.S. § 13-804(E) to read: "If a victim has received reimbursement for the victim's economic loss from an insurance company, . . . or any other entity, the court shall order the defendant to pay the restitution to that entity." 1996 Ariz. Sess. Laws 1996 Ch. 117 § 1. This amendment further recognizes *King*'s declaration that restitution may be awarded under either A.R.S. § 13-603(C) or § 13-804.

**¶11**          Turning then to § 13-804, when calculating restitution, "the court shall consider all losses caused by the criminal offense . . . for which the defendant has been convicted." A.R.S. § 13-804(B). After that consideration, the court "shall enter a restitution order for each defendant that sets forth all of the following:

>   1.    The total amount of restitution the
>         defendant owes all *persons*.
>
>   2.    The total amount of restitution owed to
>         each *person*.
>
>   3.    The manner in which the restitution is to
>         be paid."

A.R.S. § 13-804(H) (emphasis added). These directives do not focus on "victim" but, instead on "person," which is broadly defined as including "an enterprise, a public or private corporation, an unincorporated association, a partnership, a firm, a society, a government, a governmental authority or an individual or entity capable of holding a legal or beneficial interest in property." A.R.S. § 13-105(30); *see State v. Proctor*, 196 Ariz. 557, 565–66 ¶ 32 (App. 1998) (noting A.R.S. § 13–804(A) "contemplate[s] a wider group of persons to whom a defendant may be ordered to pay restitution than § 13–603(C)"). Leal does not claim that the Tribe did not meet the requirements of A.R.S. § 13-804 or the broad definition of person in A.R.S. § 13-105(30). Given A.R.S. § 13-804, the superior court had the authority to award restitution to the Tribe, meaning it did not fundamentally err in making such an award.

## II.    The Funeral Expenses Awarded as Restitution are Not Routine Government Expenses too Attenuated from the Murder.

**¶12**        Leal argues the funeral expenses here are routine government expenditures not eligible for restitution. A person convicted of a crime is required to make restitution "in the full amount of the economic loss as determined by the court." A.R.S. § 13-603(C). "Economic loss," in turn, is defined as "any loss incurred by a person as a result of the commission of an offense," including "losses that would not have been incurred but for the offense." A.R.S. § 13–105(16). To be recoverable as restitution: "(1) the loss must be economic, (2) the loss must be one that the victim would not have incurred but for the criminal conduct, and (3) the criminal conduct must directly cause the economic loss." *State v. Madrid*, 207 Ariz. 296, 298 ¶ 5 (App. 2004) (citing *State v. Wilkinson*, 202 Ariz. 27, 29 ¶ 7 (2002)). However, "[r]estitution is not available for monetary expenses incurred as part of a routine function or for consequential damages that are too attenuated from the crime." *State v. Linares*, 241 Ariz. 416, 418 ¶ 9 (App. 2017); *see also Guilliams*, 208 Ariz. at 55 ¶ 23 (reversing portion of restitution award indistinguishable from "the normal costs" of government functions, like investigating crime).

**¶13**        The three prongs articulated in *Madrid* are clearly satisfied here: (1) the Tribe paid $5,500 in funeral expenses; (2) but for Leal's murder of the victim, there would have been no funeral expenses; and (3) the murder directly caused the funeral expenses. *See State v. Spears*, 184 Ariz. 277, 292 (1996) (funeral expenses recoverable as restitution); *Blanton*, 173 Ariz. at 520 (third party can collect funeral expenses as restitution). Leal does not genuinely dispute any of these factors. Instead, he relies on A.R.S. § 36-831(E) to argue burial costs are routine functions for the Tribe. However, contrary to Leal's argument, A.R.S. § 36-831(E) requires notice to federally recognized tribes of a tribal member's death and affords "the tribe the opportunity to provide for the person's burial or other funeral and disposition arrangements." Whether this statute applies, or was complied with here, does not impact the propriety of the restitution order.

**¶14**        The victim's family, and even a reimbursing insurer, would have been entitled to restitution had they paid for the funeral expenses. *See* A.R.S. § 13-804(E) ("If a victim has received reimbursement for the victim's economic loss from an insurance company, . . . or any other entity, the court shall order the defendant to pay the restitution to that entity."); *Spears*, 184 Ariz. at 292; *Blanton*, 173 Ariz. at 519. That the Tribe did so directly does not, somehow, make the restitution order here improper. *See Prieto*, 172 Ariz. at

299 (holding legal entity that "stands in the shoes of the victim" is entitled to restitution).

## CONCLUSION

**¶15**          Leal's conviction and sentence, including the restitution ordered, are affirmed.

