NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CALEB CRAIG KENT BARTELS, *Appellant*.

No. 1 CA-CR 19-0660
FILED 8-6-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-001031-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Arizona Voice for Crime Victims
By Colleen Clase, Jessica Gattuso, Krista Wood
*Counsel for Crime Victims*

------------------------

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

------------------------

**M O R S E**, Judge:

¶1        Caleb Craig Kent Bartels appeals the superior court's order requiring him to pay restitution to R.Z.'s family.[1]  We affirm the court's order.

### FACTS AND PROCEDURAL BACKGROUND

¶2        A more thorough recitation of the facts and procedural background underlying Bartels' convictions may be found in *State v. Bartels*, 1 CA-CR 19-0338, 2020 WL 2213555 (Ariz. App. May 7, 2020) (mem. decision) (affirming Bartels' convictions).[2]

¶3        In brief, on January 14, 2017, R.Z. and Bartels' brother were socializing in R.Z.'s backyard when Bartels ambushed them.  Bartels ultimately shot and killed R.Z.  *Id.* at *1, ¶ 2.  During the subsequent investigation, police noted that someone had vandalized R.Z.'s car – scratched its paint and punctured its tires with a sharp object.  *Id.* at ¶ 3. After Bartels' arrest, police obtained a search warrant for his vehicle, where they found a folding knife that could have been used to puncture the tires on R.Z.'s vehicle.  The knife's width matched the width of the tire punctures, and black strands of unknown material were found inside the open area in the blade's handle.  Police considered but did not obtain an analysis that could have definitively determined whether the knife was the same one that was used to vandalize R.Z.'s car.  Police impounded the victim's vehicle and kept it for two years, pending the outcome of Bartels' trial.  The vehicle lacked any tires when it was released to R.Z.'s family.

------------------------

[1]        Out of respect for his privacy, we refer to the victim by his initials.

[2]        Bartels and the State cite transcripts that were filed in Bartels' appeal in 1 CA-CR 19-0338 but not included in the record for this appeal. Nonetheless, we take notice of the transcripts filed in 1 CA-CR 19-0338 and have considered them in resolving this case.

¶4 Bartels was charged with first-degree murder, aggravated assault, first-degree burglary, and criminal damage. He was convicted of the first three crimes, but acquitted of criminal damage.

¶5 R.Z.'s family sought restitution, requesting, among other things, that Bartels pay for the cost to make the vehicle drivable. After two years in impound, the car needed an oil change, a new battery, and a new set of tires before it could be driven. The superior court granted this request.

¶6 Bartels timely appealed the court's restitution order, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶7 Although other restitution was granted, Bartels only challenges the superior court's award of $792.57 for the oil change, battery, and new tires. He argues that the superior court erred by ordering him to pay for damage that was not directly linked to his criminal convictions. We review restitution orders for an abuse of discretion. *State v. Linares*, 241 Ariz. 416, 418, ¶ 6 (App. 2017). "We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the trial court's restitution order," *State v. Lewis*, 222 Ariz. 321, 323, ¶ 2 (App. 2009), but review questions of law de novo, *Linares*, 241 Ariz. at 418, ¶ 6.

¶8 "A person convicted of a crime is required to make restitution 'in the full amount of the economic loss as determined by the court.'" *State v. Leal*, 248 Ariz. 1, 4, ¶ 12 (App. 2019) (quoting A.R.S. § 13-603(C)). To be recoverable as restitution: "(1) the loss must be economic, (2) the loss must be one that the victim would not have incurred but for the criminal conduct, and (3) the criminal conduct must directly cause the economic loss." *State v. Madrid*, 207 Ariz. 296, 298, ¶ 5 (App. 2004). Restitution may not be awarded if an expense is "too attenuated (either factually or temporally)" from the defendant's criminal conduct." *Linares*, 241 Ariz. at 419, ¶ 10. "The key to the analysis is reasonableness, which is determined on a case by case basis." *Id.*

¶9 Bartels argues the superior court abused its discretion because his criminal conduct "did not cause losses associated with the decision to impound the car for two years." Though Bartels does not argue that the initial impound of the vehicle was unrelated to his criminal acts, he asserts that the damage to the vehicle was caused by the State's decision to keep it for two years. This decision, he claims, was "wholly unrelated to [Bartels' criminal] conduct." We disagree.

¶10 The dispositive question is whether the two-year impound of R.Z.'s vehicle, which rendered it inoperable, "flow[ed] directly from [Bartels'] criminal conduct, without the intervention of additional causative factors." *State v. Wilkinson*, 202 Ariz. 27, 29, ¶ 7 (2002). The superior court found that R.Z.'s vehicle was impounded and retained in order "to assist in finding the victim's killer." Specifically, the court noted that police wished to determine whether the knife found in Bartels' vehicle caused the damage to the vehicle's tires. Bartels correctly notes the superior court's factual findings are entitled to deference but argues that this specific finding is clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State v. Burr*, 126 Ariz. 338, 339 (1980) (quoting *Palermo v. Warden*, 545 F.2d 286, 293 (2d Cir. 1976)). Under this highly deferential standard, we cannot say that the superior court was clearly erroneous.

¶11 Bartels claims that the superior court's factual finding is unsupported by the record. He notes that he was identified as a suspect in the murder of R.Z. within a week of the crime, and argues that this fact renders the duration of the vehicle's impound unreasonable. He also asserts that "the only reason to remove the tires was to compare the punctures with the knife found in [Bartels'] car." Because the comparative analysis was not done, Bartels argues that the length of time of the impound was unrelated to the State's efforts to determine the identity of R.Z.'s murderer. However, Bartels ignores that the State used evidence regarding the tires, including pictures and testimony, to identify Bartels as the killer.

¶12 At trial, Bartels' counsel argued there was no evidence tying Bartels to the scene of the crime, outside of the allegedly questionable identification provided by Bartels' brother. The State introduced evidence, *supra* ¶ 3, to link the knife to the damage to R.Z.'s vehicle's tires, and specifically cited Bartels' possession of the knife in its closing argument as evidence to establish identity. Additionally, the State argued that the damage to the car and tires showed that someone was specifically targeting R.Z., in support of the argument that R.Z.'s murder was a targeted killing. The record supports the superior court's conclusion that the vehicle was impounded as evidence to identify R.Z.'s killer. Therefore, based on the facts of this case, we cannot say that the superior court acted unreasonably in awarding restitution. *See Linares*, 241 Ariz. at 419, ¶ 10.

¶13 Finally, Bartels argues the damage was caused by the police's delay in releasing the vehicle, but he does not challenge the superior court's determination that the vehicle was impounded "pending the outcome of the

4

trial." The State impounded R.Z.'s vehicle to further the case and ultimately obtain Bartels' convictions for murder, aggravated assault, and burglary. The retention of evidence in furtherance of obtaining a criminal conviction was a natural consequence of Bartels' criminal conduct. *See Wilkinson*, 202 Ariz. at 29, ¶ 7 (holding that restitution is appropriate for "those damages that flow directly from the defendant's criminal conduct").

¶14 We must view the facts and all reasonable inferences in the light most favorable to the restitution order. *Lewis*, 222 Ariz. at 322, ¶ 2. Reviewing the record in this way, we do not find the duration of the impound, in this case, was an intervening factor rendering restitution inappropriate. "The trial court could reasonably infer from the evidence that the damage to [R.Z.'s car] was a direct result of defendant's [criminal conduct]." *See State v. Lindsley*, 191 Ariz. 195, 196-97 (App. 1997) (affirming restitution award for a wallet that was rendered unusable by odor caused when the defendant stored the wallet with marijuana); *see also Linares*, 241 Ariz. at 419, ¶ 10 ("The key to the [restitution] analysis is reasonableness[.]"). As such, we affirm the restitution award.

## CONCLUSION

¶15 The superior court did not abuse its discretion when it determined that R.Z.'s vehicle was rendered inoperable as a result of Bartels' criminal conduct. Accordingly, we affirm the superior court's restitution award for the $792.57 in costs incurred to make the vehicle drivable.

