744 P.2d 20

**In the Matter of the Appeal in PIMA COUNTY DELINQUENCY ACTION NO. 90101–1.**

**No. 2 CA–JV 87–0008.**

Court of Appeals of Arizona, Division 2, Department A.

July 14, 1987.

Redesignated as Opinion and Publication Ordered Sept. 1, 1987.

Review Denied Oct. 27, 1987.

Stephen D. Neely, Pima County Atty. by W. Paul Holbrook, Tucson, for appellee State.

Frederic J. Dardis, Pima County Public Defender by Christie C. Sharp, Tucson, for appellee Minor.

Charles M. Giles, P.C., Paul S. Banales, P.C. by Paul S. Banales, Tucson, for appellants Natural Parents.

## OPINION

PER CURIAM.

This appeal raises the question whether, in a delinquency proceeding, the minor's parents are "aggrieved" parties for purposes of appeal. We do not believe that they are and dismiss the appeal.

■ The minor had been adjudicated delinquent and placed on probation. Subsequently, the probation was revoked. A predisposition report was prepared and, based upon the recommendations of the probation officer, the court again placed the minor on probation, which included the condition that she participate in the special supervision project. The court also ordered that the minor be placed with foster parents.

At the disposition proceedings, the minor's parents appeared with counsel, who insisted that they had a right to review the contents of the predisposition report "to determine if the information is accurate in there and on what basis the probation office is making their recommendation." The court denied the request, stating that no purpose would be served by allowing the minor's parents to review the predisposition report so long as they were aware of the impact or results of the recommendations. Counsel for the parents then requested permission to cross-examine the probation officer regarding the predisposition investigation. At that point, the court sustained the state's objection and ruled that the minor's parents lacked standing to review the report or to examine the probation officer. It is from that order that the minor's parents have filed their appeal. No other appeal has been taken. Our review of the record indicates that the minor has performed well on probation and that the conditions of probation have been modified to delete the mandatory participation in intensive probation during the remainder of her probationary period.

A.R.S. § 8–236 provides that any "aggrieved party" may appeal from a final order of the juvenile court. Here, the parents argue that they are aggrieved parties. We disagree. The parties to a delinquency proceeding are the state and the minor child. Therefore, the parents are not "aggrieved" for purposes of the statute. See *Appeal in Maricopa County Juvenile Action No. JS–5894,* 145 Ariz. 405, 701 P.2d 1213 (App.1985) (mother was not "aggrieved party" with respect to termination of parent-child relationship between minor child and child's natural father).

■ The parents next argue that they have a fundamental right to participate in the predisposition phase of a delinquency proceeding and to appeal from the court's order denying them access to the predisposition report and the opportunity to examine the probation officer. Again, we disagree. The disposition of a minor who has been adjudged delinquent is solely within the discretion of the juvenile judge. The parents do not have a fundamental right to review the predisposition report or to participate in the ultimate determination of an appropriate disposition order. All of the cases cited by the parents involve situations where the relationships between parents and minors were affected, such as dependency proceedings, terminations of parental rights, or custody proceedings. Such rights are not affected by a juvenile court's disposition order entered pursuant to A.R.S. § 8–241(A)(2) and (3).

■ Finally, although we believe that the parents are not aggrieved parties and do not have standing to participate in these proceedings, we find Rule 9, Rules of Procedure for the Juvenile Court, 17A A.R.S., to be dispositive. That rule allows the juvenile court, in its discretion, to withhold the probation officer's investigations and/or reports should it determine that the material would be psychologically damaging or would be destructive of relationships among family members. Assuming for purposes of argument that the parents are properly before us on appeal, the juvenile court's order is nonetheless appropriate and within the court's discretion as allowed by Rule 9(b), Rules of Procedure for the Juvenile Court. See *State v. Pierce,* 108 Ariz. 174, 494 P.2d 696 (1972).

The appeal filed by the minor's parents in this case is dismissed.

HOWARD, P.J., and FERNANDEZ and HATHAWAY, JJ., concur.