805 P.2d 1048

**CITY OF PHOENIX, a municipal corporation, Petitioner–Appellant,**

v.

**TOWN OF CAVE CREEK, a municipal corporation, Respondent–Appellee.**

No. 1 CA–CV 89–494.

Court of Appeals of Arizona, Division 1, Department E.

Aug. 28, 1990.

Review Denied March 5, 1991.

Office of the City Atty. by Roderick G. McDougall, Larry F. Felix, Phoenix, for petitioner-appellant.

Ryley, Carlock & Applewhite, P.A. by William E. Farrell, G. Read Carlock, Phoenix, for respondent-appellee.

## OPINION

GERBER, Judge.

This case presents the issue whether Arizona's annexation statute, A.R.S. § 9–471, requires signatures on a petition for annexation to be owners of land valued at its assessed or its full cash value. We hold that the statute requires the signatures of the owners of over half the assessed value.

## FACTS

In 1989 a group of landowners petitioned the Town of Cave Creek to be annexed. The area of proposed annexation bordered on Cave Creek and on the City of Phoenix. Cave Creek passed an ordinance purporting to annex the area. The ordinance became effective 30 days after passage. Phoenix timely challenged the ordinance and sought to enjoin its implementation. Specifically, Phoenix complained that Cave Creek did not satisfy the annexation statute, A.R.S. § 9–471, because the landowners who signed the petition did not own one-half or more of the assessed value of the property subject to taxation. The petitioning landowners did, in fact, own one-half or more of the full cash value of the property but they represented less than half the assessed value of the property. The trial court rejected the challenge and upheld Cave Creek's annexation ordinance. Phoenix now appeals.

## MOOTNESS

█ Cave Creek argues that the appeal should be dismissed as moot because Phoenix failed to seek a subsequent stay or injunction after its initial stay was quashed, thus allowing Cave Creek's annexation ordinance to become effective. We disagree. The statute permits a challenge to the annexation if petitions are filed within 30 days of the adoption of the annexation ordinance. A.R.S. § 9–471(C). The annexation becomes final after 30 days, "subject to the review of the court to determine the validity thereof if petitions in objection have been filed." A.R.S. § 9–471(D). Here, Phoenix petitioned the trial court within 30 days after the ordinance was adopted and appealed the trial court's decision in a timely fashion. Phoenix was not required to seek another stay or injunction on appeal; the statute does not require such. For this reason, the appeal is not moot.

## DISCUSSION

■ This case hinges upon the interpretation of the word "value" in A.R.S. § 9–471(A)(4). Statutory wording is given its ordinary meaning unless it appears from the context that another meaning is intended. *Matter of Appeal in Maricopa County*, 145 Ariz. 405, 408, 701 P.2d 1213, 1216 (App.1985).

A city or town must submit to a number of procedures to annex territory, including the following petition process:

4. Within one year after the last day of the thirty day waiting period a petition in writing signed by the owners of one-half or more in value of the real and personal property and more than one-half of the persons owning real and personal property that would be subject to taxation by the city or town in the event of annexation, as shown by the last assessment of the property, may be circulated and filed in the office of the county recorder.

A.R.S. § 9–471(A)(4). Other subsections within the statute give meaning to the term "value." Significantly, subsection E describes how the value of the property satisfies § 9–471(A)(4):

For the purpose of determining the sufficiency of the percentage of the value of property under this section, such values of property shall be determined as follows:

1. In the case of property assessed by the county assessor, values shall be the same as shown by the last *assessment* of property.

2. In the case of property valued by the department of revenue, values shall be appraised by the department in the manner provided by law for municipal *assessment* purposes.

A.R.S. § 9–471(E). (Emphasis added.) The controlling assessment and the appraisal upon which it is based are to be furnished by the county assessor and the department of revenue. A.R.S. § 9–471(G). The statute requires cities and towns to use the assessed value of property to determine whether a sufficient number of property owners desire annexation. Case law supports this interpretation. *See Glick v. Town of Gilbert*, 123 Ariz. 395, 599 P.2d 848 (App.1979); *McCune v. City of Phoenix*, 83 Ariz. 98, 317 P.2d 537 (1957); *State v. City of Phoenix*, 74 Ariz. 46, 243 P.2d 766 (1952).

Cave Creek contends that the term "value" means the actual market value of the property or its appraised value. The statutes it cites use the term "full cash value" or "limited cash value". *See* A.R.S. § 42–201(4), (5).[1] These terms are not used in the annexation statute. The term "appraisal" is only used in conjunction with assessment values. We therefore reject Cave Creek's interpretation of A.R.S. § 9–471.

## CONCLUSION

For the above reasons, we hold that A.R.S. § 9–471 requires signatures of the owners of one-half or more in assessed value of real and personal property in order to annex territory. We therefore reverse the decision of the trial court and set aside Cave Creek Annexation Ordinance 89–10.

GRANT, C.J., and CLABORNE, P.J., concur.

---

1. "Full cash value" and "limited cash value" are defined as follows:

4. "Full cash value" for property tax purposes is that value determined as prescribed by statute. If no statutory method is prescribed, full cash value is synonymous with market value which means that estimate of value that is derived annually by the use of standard appraisal methods and techniques. Full cash value shall be used as the basis for the purpose of assessing, fixing, determining and levying secondary property taxes.

5. "Limited property value" means the value determined pursuant to § 42–201.02. Limited property value shall be used as the basis in the calculation of levy limitations for counties, cities, towns and community college districts and as the basis for assessing, fixing, determining and levying primary property taxes.

A.R.S. § 42–201(4),(5).