253 P.3d 632 (2011)
The TOHONO O'ODHAM NATION, a federally recognized Indian tribe, Plaintiff/Appellant,
v.
CITY OF GLENDALE, an Arizona municipal corporation; Elaine M. Scruggs, in her official capacity as Mayor of the City of Glendale; Manny Martinez, in his official capacity as a Glendale City Council Member and Vice Mayor; Yvonne J. Knaack, in her official capacity as a Glendale City Council Member; Phil Lieberman, is his official capacity as a Glendale City Council Member; David Goulet, in his official capacity as a Glendale City Council Member; Steven Frate, in his official capacity as a Glendale City Council Member; and Joyce Clark, in her official capacity as a Glendale City Council Member, Defendants/Appellees.
No. 1 CA-CV 10-0341.
Court of Appeals of Arizona, Division 1, Department A.
May 3, 2011.
Quarles & Brady LLP By James A. Ryan, Lauren Elliott Stine, Phoenix, and Gammage & Burnham, By Lisa T. Hauser, Phoenix, Co-Counsel for Plaintiff/Appellant.
Office of the City Attorney City of Glendale Glendale By Craig D. Tindall, Nicholas C. DiPiazza, Christina A. Parry, Glendale, Attorneys for Defendants/Appellees.
Gust Rosenfeld P.L.C. By David A. Pennartz, Phoenix, Attorneys for Amicus Curiae.

OPINION
WINTHROP, Judge.
¶ 1 The Tohono O'odham Nation ("Nation") appeals the grant of summary judgment to the City of Glendale ("Glendale") on Nation's challenge to Glendale's purported annexation of real property owned by Nation. For the reasons that follow, we hold that when the validity of a municipality's annexation ordinance is timely challenged in court, the annexation does not automatically become final thirty days after the ordinance was adopted. Accordingly, we reverse the grant of summary judgment in favor of Glendale and remand *633 for entry of judgment in favor of Nation.

BACKGROUND
¶ 2 On November 27, 2001, Glendale adopted Ordinance No. 2229 annexing certain property referred to as "Annexation Area 137." On December 27, 2001, an owner of land within Area 137 timely filed a petition in superior court to set aside the annexation. See Ariz.Rev.Stat. ("A.R.S.") § 9-471(C) (Supp. 2010).[1] On May 28, 2002, Glendale adopted an ordinance repealing Ordinance No. 2229 and thereby abandoned "the attempted annexation of . . . Area No. 137."[2] The court dismissed the annexation challenge from the inactive calendar on October 7, 2002. Nation subsequently purchased the parcel within Area 137 that was owned by the party who filed the 2001 annexation challenge.
¶ 3 On June 23, 2009, Glendale adopted Ordinance No. 2688, which deemed Glendale's "interior boundary to have been extended and increased inclusive of the territory described as Annexation Area No. 137 as of December 27, 2001." Ordinance No. 2688 also announced that because Glendale did not have the statutory authority to "abandon its annexation," its attempt to repeal Ordinance No. 2229 in 2002 was "ineffective and a nullity."[3]
¶ 4 On July 22, 2009, Nation commenced this action, alleging Ordinance No. 2688 violated A.R.S. § 9-471, the statute that sets forth the procedures a city or town must follow when increasing its limits by annexation. Specifically, Nation argued that, because Ordinance No. 2229 was timely challenged and the annexation effort subsequently repealed by Glendale before the court addressed the merits of the challenge, the 2001 annexation never became final or effective.[4]See A.R.S. § 9-471(D) (annexation becomes final thirty days after ordinance that annexes territory is adopted, subject to judicial review if an objection was filed).
¶ 5 Nation moved for summary judgment. Glendale opposed and filed a cross-motion for summary judgment. The parties did not dispute any material facts, and they agreed that summary disposition of the case hinged on the court's interpretation of § 9-471(D). The court ultimately denied Nation's motion and granted Glendale's. This appeal was timely filed, and we have jurisdiction pursuant to A.R.S. § 12-2101(B) (2003).

ANALYSIS
¶ 6 Subsections (C) and (D) of A.R.S. § 9-471 provide, in relevant part:
C. Any . . . interested party may upon verified petition move to question the validity of the annexation for failure to comply with this section [outlining procedures for instituting annexation proposal, notice of public hearing and map of area to be annexed] . . . No action shall be brought to question the validity of an annexation ordinance unless brought within the time and for the reasons provided in this subsection.. . .
D. The annexation shall become final after the expiration of thirty days from the adoption of the ordinance annexing the territory by the city or town governing body, provided the annexation ordinance has been finally adopted in accordance with procedures established by statute, charter provisions or local ordinances, whichever is applicable, subject to the review of the court to determine the validity *634 thereof if petitions in objection have been filed.

(Emphases added.)
¶ 7 As it did below, Nation argues that, pursuant to § 9-471(D), a timely challenge to a city's annexation ordinance delays the finality of the annexation until the court has completed its review of the challenge. The basis for Nation's position is the language in subsection (D) providing that an annexation shall become final "subject to the review of the court to determine the validity thereof if petitions in objection have been filed." A.R.S. § 9-471(D) (emphasis added). Thus, Nation argues, the 2001 annexation was never final because Ordinance No. 2229 was timely challenged on December 27, 2001 and Glendale repealed the annexation attempt in 2002 before the court ruled on the challenge. In response, Glendale argues, as it did in support of its cross motion for summary judgment, that the language in A.R.S. § 9-471 "[t]he annexation shall become final after the expiration of thirty days from the adoption of the ordinance annexing the territory []" (emphasis added) means that an annexation automatically becomes final thirty days after the annexation ordinance was adopted regardless of whether the ordinance is challenged before the thirty-day period expires. Thus, Glendale contends, although the 2001 challenge to Ordinance No. 2229 caused the annexation to be subject to judicial review, the challenge did not prevent the annexation from becoming final on December 27, 2001, thirty days after the ordinance was adopted.[5] No court opinion in Arizona squarely addresses whether § 9-471(D) renders municipal annexations final thirty days after they are adopted regardless of whether a challenge is timely filed.[6]
¶ 8 We review de novo the superior court's decision to grant summary judgment on statutory construction grounds. See Copper Hills Enterprises, 214 Ariz. at 388, ¶ 6, 153 P.3d at 409. In construing statutes, our main objective is to determine and give effect to the legislative intent. Hobson v. Mid-Century Ins. Co., 199 Ariz. 525, 529, ¶ 8, 19 P.3d 1241, 1245 (App.2001). We first examine the language of the relevant statute because the language provides the most reliable evidence of legislative intent. Id. In doing so, we must give meaning to each word in a statute to avoid rendering any part of the statute void, redundant, or meaningless. See Walker v. City of Scottsdale, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989).
¶ 9 We agree with Nation's interpretation of A.R.S. § 9-471(D). The legislature's use of the "subject to" clause in the statute unambiguously evidences an intent that the finality of a timely challenged annexation is conditional upon a court's determination that the annexation is valid. Glendale's argument that "[t]he only condition required for an annexation to become final is the passage of 30 days" improperly fails to give effect to the "subject to judicial review" condition that the legislature expressly included in the statute. See Airport Properties v. Maricopa County, 195 Ariz. 89, 96, ¶ 23, 985 *635 P.2d 574, 581 (App.1999) (stating that "We presume that the legislature does not intend to draft statutory provisions that are redundant, void, inert, trivial, superfluous or contradictory"). According to Glendale, the "subject to" clause merely affords the court authority to overturn a timely challenged annexation that, if thirty days have passed since adoption, has become final. We find this interpretation to be unpersuasive; Glendale's construction of the statute ignores the plain meaning of "subject [to]" which is defined as "dependent upon or exposed to esp. as a prelude to finalizatiori[.]" Webster's New Collegiate Dictionary 921, 1150 (1980); see also Black's Law Dictionary 993 (Abr. 7th ed. 2000). We therefore hold that A.R.S. § 9-471(D) evidences the legislature's intent that a timely challenged annexation does not automatically become final thirty days after the annexation ordinance was adopted; rather, the annexation becomes final when a judicial determination has been made as to the challenged annexation's validity.[7]
¶ 10 In light of our holding, Ordinance No. 2229 did not become final before Glendale repealed it. Accordingly, Nation is entitled to summary judgment on its claim that Ordinance No. 2229 did not annex Area 137. Ariz. R. Civ. P. 56(c)(1) (summary judgment appropriate when moving party entitled to judgment as a matter of law). We therefore remand for entry of judgment in favor of Nation. See Anderson v. Country Life Ins. Co., 180 Ariz. 625, 628, 886 P.2d 1381, 1384 (App.1994) (stating that "where the issues can be decided as a matter of law, we have the authority both to vacate the trial court's grant of summary judgment in favor of one party and to enter summary judgment for the other party if appropriate").

CONCLUSION
¶ 11 We reverse summary judgment in favor of Glendale and direct entry of judgment for Nation on remand. Pursuant to A.R.S. § 9-471(P), we grant Nation's request for attorneys' fees and costs incurred on appeal subject to compliance with ARCAP 21.
CONCURRING: PHILIP HALL, Presiding Judge and JON W. THOMPSON, Judge.
NOTES
[1] Unless a statute has been revised in a manner material to our analysis, we cite its current version.
[2] Glendale apparently abandoned the annexation because the pending challenge thereto would delay and possibly threaten development of parcels of Area No. 137 owned by supporters of the annexation. Glendale thereafter annexed the supporters' parcels separately.
[3] "[T]o the extent necessary," Glendale also repealed the 2002 ordinance that had repealed Ordinance No. 2229.
[4] Nation also alleged Glendale did not follow the necessary statutory procedures before adopting Ordinance No. 2688, and therefore, Ordinance No. 2688 itself could not effectively annex Area 137.
[5] Accordingly, Glendale now claims its attempt in 2002 to repeal the finalized annexation was a "mistake of law" and ineffective. Because of our resolution of the central statutory issue, we need not address Glendale's contention.
[6] The cases relied upon by the parties to support their respective positions are distinguishable. See, e.g., Salt River Project Agric. Improvement and Power Dist. v. City of St. Johns, 149 Ariz. 282, 285, 718 P.2d 184, 187 (1986) (finding that in light of thirty-day "waiting period" in A.R.S. § 9-471(D), a municipality cannot invoke its statutory emergency powers to give immediate effect to annexation ordinance); Copper Hills Enterprises, Ltd. v. Ariz. Dep't of Revenue, 214 Ariz. 386, 153 P.3d 407 (App.2007) (noting that municipal annexation was not final pursuant to § 9-471(D) and null and void for taxation purposes because city's annexation procedure was flawed); City of Phoenix v. Town of Cave Creek, 167 Ariz. 227, 805 P.2d 1048 (App.1990) (noting that A.R.S. § 9-471(D) does not require party challenging annexation to request a stay, and therefore rejecting appellee's argument that, because appellant did not seek a second stay after the superior court quashed "initial stay" in § 9-471 proceeding, appeal was moot); Rural/Metro Fire Dept., Inc. v. Pima County, 122 Ariz. 554, 596 P.2d 389 (App.1979) (finding that the fire district's annexation pursuant to A.R.S. § 9-1006 (currently A.R.S. § 48-262 (2000)) was final and therefore could not be challenged); Gieszl v. Town of Gilbert, 22 Ariz.App. 543, 529 P.2d 255 (1974) (finding that the town cannot use emergency measures power to thwart citizen's right under § 9-471(D) to challenge annexation within thirty days after annexation ordinance adopted).
[7] Because we find the statute unambiguous on this point, we need not resort to additional tools of construction. See Automatic Registering Mach. Co. v. Pima County, 36 Ariz. 367, 370-71, 285 P. 1034, 1035 (1930) (stating that when the plain language of a statute is unambiguous and conveys a clear and definite meaning, the plain and obvious meaning must be followed without resort to the rules of statutory construction). Nonetheless, even were we to find ambiguity in the statute's language, we agree with Nation, as well as the City of Tolleson, which filed an amicus curiae brief in this matter, that the statute evinces the legislature's intent to delay the finality of annexations for the duration of judicial review. Glendale argues that, in the event that a court finds an annexation to be invalid, the statute requires that the court engage in a form of judicial de-annexation. As both Nation and the City of Tolleson point out, such a process would be chaotic; requiring the court to engage in multiple actions such as voiding election results, ordering the return of tax revenue, and overturning criminal violations of now inapplicable city codes and ordinances. The legislature surely considered these and other burdensome acts that would necessarily follow the creation of a judicial de-annexation process as proposed by Glendale. Neither § 9-471(D) nor any other statute cited by Glendale provides guidance, let alone authorization, for the courts to be involved in deannexation. Accordingly, we agree with Nation and the City of Tolleson that the legislature intended to favor certainty over finality in making annexation "subject to the review of the courts" before it becomes final rather than having the courts supervise the complicated process of unwinding the annexation after the fact.