NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILEY A., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.A., *Appellee*.

No. 1 CA-JV 19-0002
FILED 9-5-2019

Appeal from the Superior Court in Yavapai County
No.  P1300JD201700053
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Lauren J. Lowe
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

¶1         Wiley A. (Father) appeals the juvenile court's order terminating his parental rights to K.A. (Child), arguing the Department of Child Safety (DCS) failed to prove the statutory grounds for severance by clear and convincing evidence.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2         Child was born in February 2018.[1]  At the time, Child's half-sister (Sister) was in out-of-home care after medical personnel discovered she had suffered multiple unexplained fractures and other chronic medical conditions which Sister's primary caretakers — Child's mother (Mother) and Father — had failed to address.  DCS expressed concern for Child's safety given her young age, the severity of the injuries Sister suffered while in Child's parents' care, and the parents' admitted history of substance abuse and domestic violence.

¶3         DCS took temporary custody of Child and filed a petition alleging she was dependent as to Father upon the grounds of neglect and substance abuse.[2]  In March 2018, the juvenile court found Child dependent as to Father and adopted a case plan of family reunification concurrent with severance and adoption.  Father was immediately referred for individual

---

[1]      "We view the facts . . . in a light most favorable to sustaining the juvenile court's findings."  *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2, ¶ 2 (2016) (citing *Maricopa Cty. Juv. Action No. JS-8490*, 179 Ariz. 102, 106 (1994)).

[2]      DCS also alleged Child was dependent as to Mother upon the grounds of neglect, substance abuse, and a prior termination, and her parental rights were terminated in December 2018.  Mother's challenge to the termination order was dismissed after her counsel was unable to identify any non-frivolous issues for this Court's review, and she is not a party to this appeal.

counseling, anger management, supervised visitation, parenting classes, and parent aide services.

¶4 Father was also referred for substance abuse testing. Father reported using marijuana daily since age seventeen. When Child was removed, Father was using marijuana and prescription opiates to treat a back injury but reported at a review hearing that he was committed to discontinuing marijuana for pain management. Indeed, between February and May 2018, Father tested positive for marijuana or its metabolite fourteen times and opiates fifteen times. After discontinuing marijuana, however, Father's drug use escalated; he tested positive for heroin in June and methamphetamine in July and August. An August 2018 hair follicle drug screen confirmed the presence of various opioid substances and methamphetamine. Nonetheless, Father declined substance abuse treatment.

¶5 At his June 2018 psychological evaluation, Father admitted being physically dependent upon opiates. He continued to test positive for opiates regularly until the juvenile court changed the case plan to severance and adoption in September, when he discontinued testing altogether. Meanwhile, Father was arrested for theft, had been evicted from his residence, changed jobs frequently, and been observed under the influence in public. Although he completed an anger management course, Father remained volatile and could no longer participate in visits with the placement because of the "friction" between them. Thus, DCS expressed concern that, although Father had been going through the motions of services, "the associated behavioral changes are not present."

¶6 In November 2018, Father was arrested for possession of methamphetamine — his second criminal charge incurred during the dependency proceedings. By the time of trial in December, Father had yet to secure stable housing.

¶7 At trial, the DCS case manager testified that, based upon her education, background, training, and review of the circumstances, Father was unable to discharge his parental responsibilities as a result of his substance abuse because it prevented him from obtaining appropriate housing, made him more volatile, and rendered him unable to identify safety risks. The case manager also testified that Child was adoptable and in a relative adoptive placement that was willing and able to meet her needs, including providing her a safe, stable, substance-free home. Father did not testify.

3

**¶8**        After taking the matter under advisement, the juvenile court found DCS had proved by clear and convincing evidence that termination of Father's parental rights was warranted because: (1) he had either willfully abused Sister or failed to protect her from neglect and abuse, *see* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(2);[3] (2) he was unable to discharge his parental responsibilities because of a history of chronic substance abuse, *see* A.R.S. § 8-533(B)(4); and (3) he "substantially neglected or willfully refused to remedy the circumstances" causing Child to be in an out-of-home placement for more than six months, *see* A.R.S. § 8-533(B)(8)(b). The court also found DCS proved by a preponderance of the evidence that severance was in Child's best interests, and entered an order terminating Father's parental rights. Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶9**        To terminate parental rights, the juvenile court must find at least one statutory ground for severance by clear and convincing evidence.[4] Ariz. R.P. Juv. Ct. 66(C); *Marianne N. v. DCS*, 243 Ariz. 53, 56, ¶ 15 (2017) (quoting A.R.S. § 8-863(B)). A parent's rights may be terminated pursuant to A.R.S. § 8-533(B)(3) when: (1) the parent has a history of chronic abuse of controlled substances; (2) the parent is unable to discharge parental responsibilities as a result of the substance abuse; and (3) there are reasonable grounds to believe the condition will continue for a prolonged indeterminate period. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010). We will affirm a termination order "unless we must say as a matter of law that no one could reasonably find the evidence to be clear and convincing." *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94, ¶ 7 (App. 2009) (quoting *Murillo v. Hernandez*, 79 Ariz. 1, 9 (1955)).

**¶10**        Father does not dispute that he suffers from a chronic substance abuse problem that is likely to continue for a prolonged indeterminate period. He argues only that there was insufficient evidence to demonstrate that his drug use interfered with his ability to discharge his

---

[3]      Absent material changes from the relevant date, we cite the current version of rules and statutes.

[4]      The juvenile court must also find by a preponderance of the evidence that severance is in the child's best interests, Ariz. R.P. Juv. Ct. 66(C); *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005), but Father does not argue insufficient evidence supports this finding.

parental responsibilities because "he continues to function," i.e., maintain employment and health insurance and exhibit mental ability in the high-average range. We disagree.

**¶11** The term "parental responsibilities" in A.R.S. § 8-533(B)(3) refers to "those duties or obligations which a parent has with regard to his child." *Raymond F.*, 224 Ariz. at 378, ¶ 20 (citations omitted). "The term is not intended to encompass any exclusive set of factors but rather to establish a standard which permits a trial judge flexibility in considering the unique circumstances of each termination case." *Maricopa Cty. Juv. Action No. JS-5894*, 145 Ariz. 405, 409 (App. 1985). This Court has held, however, that a parent is incapable of discharging parental responsibilities if he cannot make appropriate decisions for a child, fails to protect the child from harm, or demonstrates an inability to provide a safe home for the child. *Raymond F.*, 224 Ariz. at 378, ¶¶ 21-22; *cf. JS-5894*, 145 Ariz. at 408 (finding that "establishment of a personal relationship with one's child is necessarily a parental responsibility" but that achievement alone was insufficient to defeat severance based upon chronic substance abuse).

**¶12** We agree with the juvenile court that Father's drug use "has contributed to his instability" in a way that places Child at a risk of harm. The record reflects that while Father may be capable of holding a job and parenting appropriately for a few hours of supervised visitation each week, during the course of this dependency, when his experimentation with dangerous substances increased, his participation in services and visitation decreased and he became involved in criminal activity. Father's continued and escalating drug use prevented him from completing the essential task of providing a safe, stable, drug-free home for Child. Moreover, we find it axiomatic that a parent who is abusing substances cannot meet the rigors of day-to-day parenting of a child, particularly when the child at issue is of a young age. Accordingly, the record reasonably supports the finding that Father's substance abuse interfered with his ability to parent.[5]

---

[5] "If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (citing *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000)). Accordingly, we do not address Father's arguments that DCS failed to prove severance was warranted on the grounds of abuse, neglect, or Child's time in out-of-home care.

## CONCLUSION

¶13     The juvenile court's order terminating Father's parental rights to Child is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA