IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

PEDRO GUTIERREZ MATA, JR., *Appellee*.

No. 1 CA-CV 23-0522
FILED 05-23-2024

Appeal from the Superior Court in Maricopa County
No. LC2023-000122-001
Phoenix Municipal Court
No. 20209006190
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Phoenix City Prosecutors Office, Phoenix
By Daniel Orto
*Counsel for Appellant*

Ballecer & Segal, LLP, Phoenix
By Natalee Segal, Nicholas Bustamante
*Counsel for Appellee*

---

**OPINION**

Vice Chief Judge Randall M. Howe delivered the opinion of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1          The State of Arizona appeals the superior court's order affirming the dismissal of the Phoenix Municipal Court's prosecution for a moving violation against Pedro Gutierrez Mata, Jr. The State challenges the constitutionality of A.R.S. § 28-672(F), which requires the court to dismiss a prosecution if the victim who suffers serious physical injury caused by a moving violation receives satisfaction for the injury. The State contends that the statute denies "financial victims"—persons who reimburse the physically injured victim for expenses caused by the offense—the right to restitution. According to the State, the right to restitution attaches once a defendant is charged with a criminal offense.

¶2          We reject the State's argument because a victim's right to restitution rests upon a defendant's admission of guilt, adjudication of guilt, or consent to pay restitution. *State v. Reese*, 124 Ariz. 212, 215 (App. 1979). We therefore affirm the superior court's order finding § 28-672(F) constitutional and dismissing the prosecution against Mata.

**FACTS AND PROCEDURAL HISTORY**

¶3          In January 2020, Mata's car struck two pedestrian minors, F.S. and S.S., while making a left turn at an intersection in Phoenix. S.S. was uninjured but F.S. suffered severe injuries and was transported to a hospital for treatment. F.S.'s medical bill totaled just over $100,000. The Arizona Health Care Cost Containment System ("AHCCCS"), a government agency charged with providing healthcare to Arizona residents, paid F.S.'s medical bills.

¶4          An investigation revealed that Mata's left turn was illegal, and the State charged Mata with causing serious physical injury or death to F.S. by a moving violation under § 28-672, a class 1 misdemeanor. AHCCCS requested restitution from Mata for the medical bills it had paid for F.S.'s treatment. Mata moved to dismiss the charge under A.R.S. § 28-672(F). In

response, the State argued that dismissal of the prosecution would deny AHCCCS's right to restitution.

¶5        During the hearing on Mata's motion, F.S.'s mother claimed that F.S. had uncompensated costs related to the injury he suffered. Mata then offered $10,500 as satisfaction for F.S.'s injuries. But he did not admit to violating § 28-672(F). After further discussion, F.S.'s mother accepted $10,000 from Mata and acknowledged receipt of the satisfaction for F.S.'s injury. The municipal court dismissed the prosecution with prejudice, finding that the plain language of the statute required it to do so. The State appealed to the superior court, challenging the constitutionality of § 28-672(F). The superior court affirmed the dismissal. It found that the Victims' Bill of Rights ("VBR"), Ariz. Const. art. 2, § 2.1(A)(8), does not require that a "financial victim" be included as a victim that needs to be compensated before dismissing the prosecution under § 28-672(F). This appeal followed. This court has jurisdiction under A.R.S. § 12-2101(A).

## DISCUSSION

¶6        The State argues that § 28-672(F) is unconstitutional because it denies AHCCCS the right to receive restitution. This court reviews de novo questions of statutory and constitutional interpretation. *E.H. v. Slayton in & for Cnty. of Coconino*, 249 Ariz. 248, 252 ¶ 7 (2020).

¶7        Under the VBR and its implementing statutes, a "victim" means "a person against whom the criminal offense has been committed." A.R.S. § 13-4401(19). Under this definition, AHCCCS does not qualify as a victim. *State v. Leal*, 248 Ariz. 1, 2 ¶ 5 (App. 2019) (finding that a tribe that paid for funeral expenses of a murder victim did not qualify as a victim under A.R.S. § 13-4401(19)). AHCCCS may nevertheless be entitled to restitution under Arizona's statutory scheme on restitution. *Id.* at 3–4 ¶¶ 10–11.

¶8        In Arizona, restitution "may be ordered in two ways." *State v. King*, 157 Ariz. 508, 509 (1988). First, under A.R.S. § 13-804(A),

> [o]n a defendant's conviction for an offense causing economic loss to any person, the court, in its sole discretion, may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant to any person who suffered an economic loss caused by the defendant's conduct.

"If a victim has received reimbursement for the victim's economic loss from an insurance company, . . . or any other entity, the court shall order the

defendant to pay the restitution to that entity." A.R.S. § 13-804(E). Section 13-804, however, is not applicable to certain traffic offenses, such as a moving violation under § 28-672. *See* A.R.S. § 13-809(B). Because the offense here was a traffic offense under § 28-672, AHCCCS was not eligible to receive restitution under this first alternative.

¶9            Second, restitution may be ordered under A.R.S. § 13-603(C). *Leal*, 248 Ariz. at 3 ¶ 10. Section 13-603(C) provides that "[i]f a person is convicted of an offense, the court shall require the *convicted person* to make restitution to the person who is the victim of the crime . . . in the full amount of the economic loss as determined by the court." (emphasis added).

¶10           AHCCCS is not entitled to restitution under this second alternative because a conviction does not exist. Section 13-603(C) expressly requires that a conviction exist before ordering a defendant to make restitution. This requirement comports with the VBR's guarantee that the victims "receive prompt restitution from *the person or persons convicted* of the criminal conduct that caused the victim's loss or injury." Ariz. Const. art. 2, § 2.1(A)(8) (emphasis added). Similarly, a defendant cannot be required to pay restitution "for a crime in which there is no admission or adjudication of guilt or liability, unless the defendant, in a plea agreement or otherwise, consents to such restitution." *Reese*, 124 Ariz. at 215. We explained that:

> it is [] untenable to impose a requirement of restitution upon a defendant whose responsibility for the crime has neither been admitted nor established in accordance with due process. The requirement that a defendant make restitution under such circumstances would reduce our system of justice to a potentially dangerous facade and convert the criminal court into a collection agency with none of the requirements of due process.

*Id.*

¶11           Here, Mata did not admit to violating § 28-672(F) nor was he found guilty of that charge. He also did not consent to pay restitution to AHCCCS. Therefore, AHCCCS was not entitled to restitution under this second alternative.

¶12           Citing no authority, the State contends that under the VBR a victim acquires the right to restitution when a defendant is charged with a criminal offense. Therefore, it argues that § 28-672(F) is unconstitutional by limiting satisfaction for the injury to only the victim who suffers serious physical injury.

¶13 The State's constitutional challenge to § 28-672(F) rests upon the erroneous premise that under the VBR a victim acquires the right to restitution when a defendant is charged with a criminal offense. True, a victim acquires certain rights when a defendant is charged with a criminal offense. *See, e.g.*, Ariz. Const. art. 2, § 2.1(A)(5) (granting a victim the right to refuse an interview or deposition); A.R.S. § 13-4406 (requiring notification to victim of defendant's initial appearance); A.R.S. § 13-4419 (granting a victim the right to confer with the prosecuting attorney regarding the defendant's case); A.R.S. § 13-4420 (granting a victim the right to be present at all proceedings in which the defendant has a right to be present). But the right to restitution is not one of those rights. As discussed above, a victim's right to restitution is contingent upon either (1) an admission or adjudication of guilt or (2) a consent to pay restitution, and therefore cannot vest at charging otherwise. Ariz. Const. art. 2, § 2.1(A)(8); A.R.S. § 13-603(C); A.R.S. § 13-804(A).

¶14 Relying on *State v. Roscoe*, 185 Ariz. 68, 73 (1996) and *State ex rel. Thomas v. Klein*, 214 Ariz. 205 (App. 2007), the State argues that § 28-672(F) impermissibly limits the class of victims entitled to restitution. But those cases are distinguishable because neither dealt with the right to restitution. In *Roscoe* and *Klein*, the issue was a victim's right to refuse to be deposed or interviewed and the legislature's attempts to limit those rights. *Roscoe*, 185 Ariz. at 69–70; *Klein*, 214 Ariz. at 206–07 ¶ 3. By contrast, the issue in this case is the right to restitution, a right that does not exist unless and until the defendant admits guilt, is adjudicated guilty, or consents to pay restitution. Accordingly, we hold that § 28-672(F) is constitutional and the State's argument thus fails.

## CONCLUSION

¶15 We affirm.

